# EXHIBIT A

FILED

17 NOV 16 AM 10:17

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-29838-7 SEA

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

| | |
|---|---|
| ROBERT LOWINGER, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>  v.<br><br>FUNKO, INC.; BRIAN MARIOTTI; RUSSELL NICKEL; KEN BROTMAN; GINO DELLOMO; CHARLES DENSON; DIANE IRVINE; ADAM KRIGER; RICHARD MCNALLY; GOLDMAN, SACHS & CO.; J.P. MORGAN SECURITIES LLC; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; PIPER JAFFRAY & CO.; JEFFERIES LLC; STIFEL, NICOLAUS & COMPANY, INCORPORATED; BMO CAPITAL MARKETS CORP.; SUNTRUST ROBINSON HUMPHREY, INC.; and, JOHN DOES 1 THROUGH 25,<br><br>          Defendants. | No.<br><br>CLASS ACTION<br><br>COMPLAINT FOR VIOLATIONS OF SECTIONS 11, 12 AND 15 OF THE SECURITIES ACT OF 1933 |

  Plaintiff Robert Lowinger ("Plaintiff"), individually and on behalf of all persons similarly situated, by his undersigned attorneys, for his complaint against Defendants alleges the following based upon personal knowledge as to his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of Defendant Funko, Inc.'s ("Funko" or the "Company")

COMPLAINT FOR VIOLATIONS
OF SECTIONS 11, 12 AND 15 OF
THE SECURITIES ACT OF 1933- 1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Funko, and information readily obtainable from public sources. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a class action on behalf of persons and/or entities who purchased or otherwise acquired Funko, Inc. Class A Common Stock ("common stock") pursuant to its initial public offering and/or traceable to the Company's Registration Statement (the "IPO" or the "Offering") and its November 3, 2017, prospectus filed on Form 424B4 with the SEC in connection with its IPO (the "Prospectus").

2.      Funko is a pop culture consumer products company engaged in selling a broad range of pop culture consumer products, featuring characters from a range of media and entertainment content, including movies, TV shows, video games, music and sports. Its products combine its proprietary brands and designs into properties it licenses from content providers.

3.      The Company was founded in 2005, is headquartered in Everett, Washington, and its shares trade on the NASDAQ under the ticker symbol "FNKO." It has an additional warehouse facility and offices located in Essex, England.

4.      The claims in this action arise from the materially misleading Registration Statement and Prospectus issued in connection with the Offering. In the IPO, the Company sold 10,416,666 shares of common stock at a price to the public of $12.00 per share. According to the Company, it received net proceeds of approximately $116.4 million (or approximately $133.9 million if the underwriters exercise in full their option to purchase additional shares of Class A common stock) based upon the initial public offering price.

5.      As detailed below, the Registration Statement and Prospectus contained materially misleading statements and/or omitted material information in violation of Sections 11, 12 and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77l and 77o.

COMPLAINT FOR VIOLATIONS
OF SECTIONS 11, 12 AND 15 OF
THE SECURITIES ACT OF 1933- 2

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

## JURISDICTION AND VENUE

2          6.      The claims asserted herein arise under and pursuant to Sections 11, 12 and 15 of

3    the Securities Act (15 U.S.C. §§ 77k, 77o and 77l). This Court has jurisdiction over the subject

4    matter of this action pursuant to Wash. Rev. Code § 2.08.010 and Section 22 of the Securities

5    Act, 15 U.S.C. § 77v, which explicitly states that "[e]xcept as provided in section 16(c), no case

6    arising under this title and brought in *any State court* of competent jurisdiction shall be removed

7    to any court in the United States." This is an action asserting federal law claims, thus, it does not

8    fall within the definition of a "covered class action" under § 16(c)[1] and therefore is not removable

9    to federal court under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA").

10         7.      Defendants each have sufficient contacts with Washington, or otherwise

11   purposefully avail themselves of benefits from Washington, or reside or have property in

12   Washington, so as to render the exercise of jurisdiction over the action by this Court consistent

13   with traditional notions of fair play and substantial justice.

14         8.      Venue is proper in this Court pursuant to Wash. Rev. Code § 4.12.025 and Section

15   22 of the Securities Act, 15 U.S.C. § 77v. Certain defendants reside in or conduct business in this

16   County, and many of the acts and transactions alleged herein occurred in this County.

17

## PARTIES

18         9.      *Plaintiff Robert Lowinger* ("Plaintiff") purchased and acquired Funko securities

19   pursuant to the Registration Statement and Prospectus issued in connection with the Company's

20   IPO and has incurred statutory damages.

21         10.     *Defendant Funko, Inc.* is a Delaware corporation with its principal executive

22   offices located at 2802 Wetmore Avenue, Everett, Washington 98201. Funko's common stock

23   trades on the NASDAQ under the ticker symbol "FNKO."

24

25

26

---

[1] Section 16(c) of the Securities Act refers to "covered class actions," which are defined as lawsuits brought as class actions or brought on behalf of more than 50 persons asserting claims under state or common law.

COMPLAINT FOR VIOLATIONS
OF SECTIONS 11, 12 AND 15 OF
THE SECURITIES ACT OF 1933- 3

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

11.     ***Defendant Brian Mariotti*** ("Mariotti") has served, at all relevant times, as the Company's Chief Executive Officer and Director. Mariotti signed the Company's registration statement, filed on Form S-1 with the SEC on October 6, 2017, as amended, and declared effective by the SEC on November 1, 2017 (the "Registration Statement").

12.     ***Defendant Russell Nickel*** ("Nickel") has served, at all relevant times, as the Company's Chief Financial Officer (Principal Financial Officer and Principal Accounting Officer). Nickel signed the Company's Registration Statement filed with the SEC.

13.     ***Defendant Ken Brotman*** ("Brotman") was a director of Funko at the time of the filing of the part of the Registration Statement with respect to which his liability is asserted. Brotman signed the Registration Statement.

14.     ***Defendant Gino Dellomo*** ("Dellomo") was a director of Funko at the time of the filing of the part of the Registration Statement with respect to which his liability is asserted. Dellomo signed the Registration Statement.

15.     ***Defendant Charles Denson*** ("Denson") was a director of Funko at the time of the filing of the part of the Registration Statement with respect to which his liability is asserted. Denson signed the Registration Statement.

16.     ***Defendant Diane Irvine*** ("Irvine") was a director of Funko at the time of the filing of the part of the Registration Statement with respect to which his liability is asserted. Irvine signed the Registration Statement.

17.     ***Defendant Adam Kriger*** ("Kriger") was a director of Funko at the time of the filing of the part of the Registration Statement with respect to which his liability is asserted. Kriger signed the Registration Statement.

18.     ***Defendant Richard McNally*** ("McNally") was a director of Funko at the time of the filing of the part of the Registration Statement with respect to which his liability is asserted. McNally signed the Registration Statement.

COMPLAINT FOR VIOLATIONS
OF SECTIONS 11, 12 AND 15 OF
THE SECURITIES ACT OF 1933- 4

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

19.     *Defendant Goldman, Sachs & Co.* ("Goldman") served as an underwriter to Funko in connection with the Offering. Goldman has offices located in Seattle, Washington.

20.     *Defendant J.P. Morgan Securities LLC* ("JPM") served as an underwriter to Funko in connection with the Offering. JPM has offices located in Seattle and Bellevue, Washington.

21.     *Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated* ("Merrill") served as an underwriter to Funko in connection with the Offering. Merrill has offices located in Seattle, Washington.

22.     *Defendant Piper Jaffray & Co.* ("Piper Jaffray") served as an underwriter to Funko in connection with the Offering.  Piper Jaffray has offices located in Seattle, Washington.

23.     *Defendant Jefferies LLC* ("Jefferies") served as an underwriter to Funko in connection with the Offering.

24.     *Defendant Stifel, Nicolaus & Company, Incorporated* ("Stifel") served as an underwriter to Funko in connection with the Offering. Stifel has offices located in Seattle and Bellevue, Washington.

25.     *Defendant BMO Capital Markets Corp.* ("BMO") served as an underwriter to Funko in connection with the Offering. BMO has offices located in Seattle, Washington.

26.     *Defendant SunTrust Robinson Humphrey, Inc.* ("SunTrust") served as an underwriter to Funko in connection with the Offering.

27.     Defendants named above in ¶¶ 11-18 are referred to herein as the "Individual Defendants."

28.     Defendants named above in ¶¶ 19-26 are referred to herein as the "Underwriter Defendants."

29.     *Defendants John Does 1 through 25* ("Does 1 through 25") are unknown to Plaintiff at this time. The true names and capacities of Defendants sued herein as Does 1 through 25, inclusive, are presently not known to Plaintiff, who therefore sues these Defendants by such

COMPLAINT FOR VIOLATIONS
OF SECTIONS 11, 12 AND 15 OF
THE SECURITIES ACT OF 1933- 5

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   fictitious names. Plaintiff will seek to amend this Complaint and include these Doe Defendants'

2   true names and capacities when they are ascertained. Each of the fictitiously named Defendants

3   is responsible in some manner for the conduct alleged herein and for the injuries suffered by

4   Plaintiff and the other members of the Class (defined below).

5   **MATERIALLY MISLEADING REGISTRATION STATEMENT AND PROSPECTUS**

6         30.    The Prospectus was part of the Registration Statement. The Registration Statement

7   was signed by the Individual Defendants.

8         31.    In the Prospectus, the Company reported certain financial and operating results for

9   itself and its predecessor.

10         32.    The Prospectus includes the following representations regarding Funko's

11   historical growth:

> Our financial performance reflects the strong growth of our business. From 2014 to 2016, we expanded our net sales, net income and Adjusted EBITDA at a 100%, a 17% and an 86% compound annual growth rate, or CAGR, respectively. We achieved this growth without reliance on a singular "hit" property as no single property accounted for more than 15% of annual net sales during that period. We believe our strong growth and profitability reflect our pop culture consumer products leadership.



Prospectus at p.3.

      33.    The Prospectus later lists the following about Funko's net income and profitability:

COMPLAINT FOR VIOLATIONS
OF SECTIONS 11, 12 AND 15 OF
THE SECURITIES ACT OF 1933- 6

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| | Pro Forma Funko, Inc. | | Historical FAH, LLC | | | | Predecessor |
| | | | Successor | | | | |
| | Six Months Ended June 30, 2017 (unaudited) | Year Ended December 31, 2016 | Six Months Ended June 30, 2017 (unaudited) | 2016 | Year Ended December 31, 2016 | Period from October 31, 2015 through December 31, 2015 | Period from January 1, 2015 through October 30, 2015 |
| | | | (in thousands, except per share data and margins) | | | | |
| **Consolidated Statements of Operations Data:** | | | | | | | |
| Net sales | $ 203,798 | $ 426,717 | $203,798 | $176,261 | $ 426,717 | $ 56,565 | $ 217,491 |
| Cost of sales (exclusive of depreciation and amortization shown separately below) | 130,066 | 280,396 | 130,066 | 125,799 | 280,396 | 44,485 | 131,621 |
| Selling, general and administrative expenses | 50,588 | 77,363 | 50,901 | 37,087 | 77,525 | 13,694 | 37,145 |
| Acquisition transaction costs | 3,086 | 1,140 | 3,086 | 349 | 1,140 | 7,559 | 13,301 |
| Depreciation and amortization | 14,322 | 23,509 | 14,322 | 11,174 | 23,509 | 3,370 | 5,723 |
| Income (loss) from operations | 5,736 | 44,309 | 5,423 | 1,852 | 44,147 | (12,743) | 29,701 |
| Interest expense, net | 11,244 | 7,997 | 14,677 | 7,879 | 17,267 | 2,818 | 2,202 |
| Other income, net | (113) | 3,304 | (113) | — | — | — | — |
| Income (loss) before income taxes | (5,395) | 33,008 | (9,141) | (6,027) | 26,880 | (15,561) | 27,499 |
| Income tax expense (benefit) | 81 | 5,772 | 1,024 | — | — | — | — |
| Net income (loss) | $ (5,476) | $ 27,236 | $ (10,165) | $ (6,027) | $ 26,880 | $ (15,561) | $ 27,499 |

Prospectus at p.27.

34.     The Prospectus also reported regarding Funko's intangible assets subject to amortization that:

| | December 31, 2016 | | |
| | Gross Carrying Amount | Accumulated Amortization | Intangible Assets, Net |
| Intangible assets subject to amortization | | | |
| Intellectual property | $ 114,411 | $ (6,674) | $107,737 |
| Trade names | 81,358 | (4,746) | 76,612 |
| Customer relationships | 63,129 | (3,682) | 59,447 |
| Balance as of December 31, 2016 | $258,898 | $ (15,102) | $243,796 |

| | December 31, 2015 | | |
| | Gross Carrying Amount | Accumulated Amortization | Intangible Assets, Net |
| Intangible assets subject to amortization | | | |
| Intellectual property | $ 114,411 | $ (953) | $ 113,458 |
| Trade names | 81,358 | (678) | 80,680 |
| Customer relationships | 63,129 | (526) | 62,603 |
| Balance as of December 31, 2015 | $258,898 | $ (2,157) | $256,741 |

For the year ended December 31, 2016, the Successor 2015 Period, and the Predecessor 2015 Period, amortization of intangible assets was $12.9 million, $2.2 million, and $1.4 million, respectively. Estimated amortization expense will be $12.9 million for each of the next five years.

There was no impairment of goodwill and intangible assets for the year ended December 31, 2016 or for the Successor 2015 Period and the Predecessor 2015 Period.

35.     The statements referenced above created materially misleading impressions, including that Funko's earnings growth trends were stronger than they actually were; that the EBITDA growth trend was representative of the Company's prospects which it was not; and that, as a result, Funko's Registration Statement and Prospectus were materially misleading at all relevant times.

COMPLAINT FOR VIOLATIONS
OF SECTIONS 11, 12 AND 15 OF
THE SECURITIES ACT OF 1933- 7

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**THE PROSPECTUS AND REGISTRATION STATEMENT WERE MISLEADING**

36.    "Funko had aimed to sell 13.3 million shares or more, for as much as $245 million, although some of the proceeds would have gone to its private-equity owners, who were selling a small slice of their stake. Instead it sold 10.4 million shares at $12, meaning the total raised was about $125 million before the offering's costs." *See The Seattle Times*, "Funko stock plunges in 'worst first-day return for an IPO in 17 years.'" Nov. 2, 2017.[2]

37.    *The Seattle Times* further reported the following:

> Funko's sales in 2016 totaled $426 million, up from $274 million a year earlier and $107 million in 2014.
>
> Those numbers may have discouraged potential buyers. Traders also may have been spooked by a column Thursday by Bloomberg Gadfly columnist Stephen Gendel, who wrote the company's highlighting of a measure of adjusted earnings, as opposed to regulators' standard measure of net income, was "the latest example of fun-house accounting on Wall Street."
>
> Funko could not be reached for comment after the market close Thursday. Yahoo News reported that Funko CEO Brian Mariotti had been scheduled to appear Thursday on its live show, "Midday Movers," "but canceled a few minutes after trading started."
>
> Such a first-day pounding can be a black mark for a stock[.]

38.    Funko's IPO "flopped" as its "IPO saw the worst first-day return for a Wall Street IPO in 17 years, causing shares to drop a staggering 41% from their initial price of $12 to close at $7.07[,]" according to *Comics Gaming Magazine*, "Funko's IPO Flops, Worst First-Day Return In 17 Years," Nov. 8, 2017.[3] This was, at least in part, because "Experts predict that part of the reason behind the incredibly poor debut stems from Funko's accounting practices, which *Bloomberg* columnists called the latest example of fun-house accounting on Wall Street. *Id.*

39.    The *Bloomberg Gadfly* article referenced in *Comics Gaming Magazine* states:

---

[2] *Available at* https://www.seattletimes.com/business/funko-stock-plunges-in-ipo-shocker/

[3] *Available at* http://www.cgmagonline.com/2017/11/08/funko-ipo-worst-in-17-years/

Funko, the purveyor of 2017's version of bobble-head dolls, appears to have a big head when it comes to its financial results.

Shares of the company priced on Wednesday night at $12 and are scheduled to begin trading on Thursday morning. The pricing was below the indicated range of $14 to $16, but even that may have been too high.

In Funko's IPO prospectus, in a chart with a big arrow pointing up, the company says that an important measure of its income, which it uses to determine the success of its operational strategies, rose by an average of 86 percent in its past two full years. The actual bottom line, though, was up an average of just 16 percent in 2015 and 2016 and has turned negative lately. Funko lost just more than $10 million in the first half of this year. How the toymaker gets a loss of $10 million to reflect back as an 86 percent earnings increase is the latest example of fun-house accounting on Wall Street.

**Dress Up**

***There's a big difference between Funko's earnings and what it highlights as growing profits***



Source: Funko corporate filings

Based on GAAP net income and Funko's reported "adjusted Ebitda."

Funko's main product, Pop! dolls, is hot. The plastic figures with enlarged heads cost about $10 each and are typically of popular characters from kids' movies or TV shows. But there are also Pop! figures based on athletes and characters from the popular HBO series "Game of Thrones." They have become fixtures at Gamestop and Barnes & Noble. (Full disclosure: My daughter's Pop! collection is nearing the entire population of Hogwarts, with Moana as a visiting student.) Sales of Pop! dolls grew an impressive 34 percent last year.

COMPLAINT FOR VIOLATIONS
OF SECTIONS 11, 12 AND 15 OF
THE SECURITIES ACT OF 1933- 9

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

***The question is how profitable the $10 figures are, if at all.*** Funko arrives at its 86 percent compounded annual earnings growth rate by focusing on a figure that more and more companies point their shareholders to called adjusted Ebitda, which excludes a number of costs. Each company computes the figure slightly differently, which is why many accounting experts hate it, but companies like Funko say it is a better measure of their operations. Let's see.

**Party's Over**

Profits at toy maker Funko, even by its preferred measure, are slowing



Source: Corporate filings

2017 is through June 30. Adjusted Ebitda is as defined by Funko in its S-1 statement.

Funko says it had $97 million in adjusted Ebitda earnings in 2016, up from just $28 million in 2014, an increase of $69 million. How did it manage that increase? Two years ago, Funko was sold to a private equity firm. Funko says acquisitions are a one-time expense, even though it says it plans to do more deals in the future. Nonetheless, exclude those costs, and the company's adjusted Ebitda jumps nearly $25 million. ***Funko also contends it has intellectual property worth $250 million. That's odd for a company whose main products are based on others' intellectual property.*** Anyway, the company stepped up write-offs of that intellectual property last year. Depreciation costs rose $19.5 million. But Funko says that cost is not part of its operations and excludes it from its adjusted Ebitda, causing that figure to rise once again. Funko has also piled on debt in the past two years, in part because of its private equity ownership. Interest expense rose $14.5 million, which is also excluded from adjusted Ebitda. You get the picture; the higher cost is reflected back as better earnings once it's excluded.

COMPLAINT FOR VIOLATIONS
OF SECTIONS 11, 12 AND 15 OF
THE SECURITIES ACT OF 1933- 10

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

> *The result, just $7 million, or 10 percent, of Funko's $69 million increase in adjusted Ebitda -- which led to that 86 percent increase in growth from 2014 to 2016 -- was from actual earnings growth. The other 90 percent came from higher costs that the company says investors should just ignore. Funko Pop! dolls are based on fantasy. Its accounting shares a similar trait.*

*See Bloomberg Gadfly*, "Funko Extends Playtime to Its Accounting," Nov. 2, 2017 (emphasis added).[4]

40.     As a result of this news, Funko's share price fell dramatically, on heavy volume. *The Seattle Times* reported that "[m]ore than 9.7 million Funko shares traded hands on Thursday, nearly equal to the 10.4 million shares sold in the offering." Renaissance Capital further reported:

> Pop culture figurine maker Funko (FNKO) fell 41% on Thursday to close at $7.07. That gave it the worst first-day return for an IPO in 17 years, since June 2000 financial services IPO eChapman.com (-43%). Funko priced a downsized IPO at $12 per share, below its range of $14-$16, to raise $125 million at a market cap of $580 million. Investors were likely concerned over slowing organic sales growth and contracting margins in a hit-driven industry.

*See* Renaissance Capital, Funko Plummets 41% in Biggest IPO Drop Since 2000.[5]

41.     The SEC has recognized that "certain adjustments, although not explicitly prohibited, [can] result in a non-GAAP measure that is misleading" and "may violate Rule 100(b) of Regulation G because they cause the presentation of the non-GAAP measure to be misleading."[6]

42.     As noted in the *Bloomberg Gadfly* article, the "big arrow pointing up" in Funko's IPO prospectus is inconsistent with the data in ¶ 32, *supra*, which shows that net income for the six months ended June 30, 2017, is significantly less than net income for the comparable period of 2016. Simply stated, the strong growth and profitability touted on page 3 of the Prospectus is

---

[4] *Available at* https://www.bloomberg.com/gadfly/articles/2017-11-02/funko-ipo-maker-of-dolls-extends-playtime-to-accounting

[5] *Available at* https://www.renaissancecapital.com/IPO-Center/News/52250/Funko-plummets-41-in-biggest-IPO-drop-since-2000

[6] https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm

COMPLAINT FOR VIOLATIONS
OF SECTIONS 11, 12 AND 15 OF
THE SECURITIES ACT OF 1933- 11

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

inconsistent with the purported trend in earnings. Moreover, the Prospectus includes the following, which is also inconsistent with the purported trend depicted by the upward-pointing arrow:

> We estimate that Adjusted EBITDA for the three months ended September 30, 2017 will range between $23.8 million and $24.8 million, compared to Adjusted EBITDA of $31.0 million for the three months ended September 30, 2016. Included in our estimated net income and Adjusted EBITDA is the impact of a $4.9 million reserve on the outstanding accounts receivable balance for Toys 'R' Us, Inc., which filed for voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code in September 2017.

43.     Additionally, the slope of the arrow creates the misleading impression that the Company is poised to continue the trend in earnings growth suggested by the Adjusted EBITDA presentation.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

44.     Plaintiff brings this action as a class action, pursuant to CR 23, on behalf of a Class consisting of all persons and/or entities who purchased or otherwise acquired the common stock of Funko pursuant and/or traceable to the Company's misleading Registration Statement and Prospectus issued in connection with the Company's IPO, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

45.     The members of the Class are so numerous that joinder of all members is impracticable. During the relevant period, Funko's securities were actively traded on the NASDAQ Stock Exchange (the "NASDAQ"). While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. 10,416,666 shares of Funko, Inc. Class A Common Stock were offered to the public in the IPO. Record owners and other members of the Class may be identified from records maintained by

COMPLAINT FOR VIOLATIONS
OF SECTIONS 11, 12 AND 15 OF
THE SECURITIES ACT OF 1933- 12

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1 Funko or its transfer agent and may be notified of the pendency of this action by mail, using the
2 form of notice similar to that customarily used in securities class actions.

3      46.    Common questions of law and fact exist as to all members of the Class and
4 predominate over any questions affecting only individual members of the Class. Among the
5 questions of law and fact common to the Class are:

6      (a)    whether the Securities Act was violated by Defendants' acts as alleged
7 herein;

8      (b)    whether statements made by Defendants to the investing public in the
9 Registration Statement and Prospectus created a misleading impression of Funko's value;

10      (c)    to what extent Plaintiff and the other members of the Class have sustained
11 damages and the proper measure of damages; and

12      (d)    to what extent Plaintiff and the other members of the Class are entitled to
13 rescission or rescissory damages.

14      47.    Plaintiff's claims are typical of the claims of the members of the Class as all
15 members of the Class are similarly affected by Defendants' wrongful conduct in violation of
16 federal law that is complained of herein.

17      48.    Plaintiff will fairly and adequately protect the interests of the members of the Class
18 and have retained counsel competent and experienced in class and securities litigation.

19      49.    A class action is superior to other available methods for the fair and efficient
20 adjudication of the controversy. The interest of members of the Class in individually controlling
21 the prosecution of separate actions is minimal, because the damages suffered by individual Class
22 members may be relatively small, the expense and burden of individual litigation make it
23 impossible for members of the Class to individually redress the wrongs done to them. No other
24 litigation has been commenced by or against members of the Class to the best of Plaintiff's
25 knowledge. Claims should be concentrated in this forum because Funko is headquartered in the
26 State of Washington. There will be no difficulty in the management of this action as a class action.

COMPLAINT FOR VIOLATIONS
OF SECTIONS 11, 12 AND 15 OF
THE SECURITIES ACT OF 1933- 13

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

50.     This action was brought within one year after the discovery of the untrue statements or omissions.

## FIRST CLAIM

### Violation of Section 11 of the Securities Act

### (Against All Defendants)

51.     Plaintiff repeats and re-alleges each and every allegation contained above, except any allegation of fraud, recklessness or intentional misconduct.

52.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C § 77k, on behalf of the Class, against all Defendants.

53.     The Registration Statement for the IPO was materially misleading and omitted to state material facts required to be stated therein.

54.     Funko is the registrant for the IPO. Defendants named herein were responsible for the contents and dissemination of the Registration Statement.

55.     As issuer of the shares, Funko is strictly liable to Plaintiff and the other members of the Class for the material misstatements and omissions in the Registration Statement.

56.     None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

57.     By reasons of the conduct herein alleged, each Defendant violated, and/or controlled a person who violated Section 11 of the Securities Act.

58.     Plaintiff acquired Funko shares pursuant and/or traceable to the Registration Statement for the IPO.

59.     Plaintiff and the other members of the below-defined Class suffered statutory damages, which are measured by the difference between the amount Plaintiff and the other members of the Class paid for the their Funko stock and (1) the value thereof as of the time this action was brought, or (2) the price at which the Funko stock was disposed of in the market before

COMPLAINT FOR VIOLATIONS
OF SECTIONS 11, 12 AND 15 OF
THE SECURITIES ACT OF 1933- 14

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

suit (if it was); or, (3) the price of Funko stock disposed of after suit, but before judgment, if such damages are less than the damages representing the difference between the amount paid for Funko stock and the value of such stock as of the time this action was brought.

## SECOND CLAIM

### Violation of Section 15 of the Securities Act

### (Against the Individual Defendants)

60.     Plaintiff repeats and re-alleges each and every allegation contained above, except any allegation of fraud, recklessness or intentional misconduct.

61.     This count is asserted against the Individual Defendants and is based upon Section 15 of the Securities Act.

62.     Individual Defendants, by virtue of their offices, directorship and specific acts, were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of Funko within the meaning of Section 15 of the Securities Act. The Individual Defendants had the power and influence and exercised the same to cause Funko to engage in the acts describe herein.

63.     Individual Defendants' positions made them privy to and provided them with actual knowledge of the conduct alleged herein.

64.     By virtue of the conduct alleged herein, the Individual Defendants are liable for the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages suffered.

## THIRD CLAIM

### Violation of Section 12(a)(2) of the Securities Act

### (Against the Funko and the Underwriter Defendants)

65.     Plaintiff repeats and re-alleges each and every allegation contained above, except any allegation of fraud, recklessness or intentional misconduct with respect to the untrue statements of material fact in, or omissions of material fact from, the Prospectus.

COMPLAINT FOR VIOLATIONS
OF SECTIONS 11, 12 AND 15 OF
THE SECURITIES ACT OF 1933- 15

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

66.     This Count is brought by Plaintiff pursuant to Section 12(a)(2) of the Securities Act, 15 U.S.C. § 77l(a)(2), on his own behalf and on behalf of the other members of the Class against Funko and the Underwriter Defendants.

67.     The statements referred to herein were each made in a "prospectus" as that term is defined in Section 2(a)(10) of the Securities Act, 15 U.S.C. § 77b(a)(10), created materially misleading impressions and omitted to state other facts necessary to make the statements made not misleading. The Defendants sued in this count sold common shares of Funko by way of the Prospectus dated November 3, 2017, for their personal financial gain. Those actions included participating in the preparation of the Prospectus and other materials used in the sale of Funko common stock.

68.     The Defendants named in this Count sold and/or solicited the sale of Funko common stock offered pursuant to the Prospectus for their individual financial gain.

69.     Plaintiff and the other members of the Class purchased or acquired Funko common stock pursuant to a Prospectus. Plaintiff and the other members of the Class, did not know, or in the exercise of reasonable care, could not have known of the misleading nature of the Prospectus.

70.     Plaintiff and the other members of the Class have sustained injury and suffered damages.

71.     By reason of the conduct alleged herein, the Defendants named in this Count violated Section 12(a)(2) of the Securities Act. Accordingly, Plaintiff and the other members of the Class who hold Funko common stock pursuant to the Prospectus have the right to rescind and recover the consideration paid for the Company's shares and hereby elect to rescind and tender their shares of the Company to the Defendants sued herein. Class members who have sold their Funko common stock are entitled to rescissory damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action under CR 23;

---

COMPLAINT FOR VIOLATIONS
OF SECTIONS 11, 12 AND 15 OF
THE SECURITIES ACT OF 1933- 16

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    (b)    Awarding compensatory statutory damages in favor of Plaintiff and the

2    other Class members against all Defendants, jointly and severally, in an amount to be

3    proven at trial, including interest thereon;

4    (c)    Awarding Plaintiff and the Class their reasonable costs and expenses

5    incurred in this action, including counsel fees and expert fees;

6    (d)    Awarding rescission or a rescissory measure of damages; and

7    (e)    Such other and further relief as the Court may deem just and proper.

8    DATED this 15th day of November, 2017.

9    KELLER ROHRBACK L.L.P.

10

11    *s/ T. David Copley*
     T. David Copley, WSBA #19379

12    Juli E. Farris, WSBA #17593
     Elizabeth A. Leland, WSBA #23433

13    1201 Third Avenue, Ste. 3200
     Seattle, WA 98101

14    Phone: (206) 623-1900
     Fax: (206) 623-3384

15    dcopley@kellerrohrback.com

16    jfarris@kellerrohrback.com
     bleland@kellerrohrback.com

17

18    Aaron L. Brody (*Pro Hac Vice Forthcoming*)
     Michael J. Klein (*Pro Hac Vice Forthcoming*)

19    STULL, STULL & BRODY
     6 East 45th Street

20    New York, NY 10017
     Phone: (212) 687-7230

21    Fax: (212) 490-2022

22    abrody@ssbny.com
     mklein@ssbny.com

23

     *Attorneys for Plaintiff and the Class*

24    4839-9358-7029, v. 1

25

26

COMPLAINT FOR VIOLATIONS
OF SECTIONS 11, 12 AND 15 OF
THE SECURITIES ACT OF 1933- 17

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384